*Geo. C. Dixon*, for appellants.

*Reeves* and *Miller*, for appellee.

———  o ⊕ ⊙  · —

BAKER *v.* CHITTUCKS *et al.*

Where a claim is filed against the estate of a decedent, under § 1539 of the Code, a copy of this written instrument or account, upon which the claim is founded, should be annexed to the claim. Action clearly stated under that section of the Code amounts to the same thing as a petition.

A copy of a claim filed under § 1299 of the Code, with the time of hearing indorsed thereon, constitutes the notice to be served upon the representatives of an estate. If such claim is materially deficient, the notice is equally so.

*Appeal from Scott District Court.*

*Opinion by* GREENE, J. Maurice Baker filed in the county court of Scott county, an account against the estate of George J. Chittick deceased, for damages resulting from the mismanagement of a farm, and for back rents, amounting in all to three hundred and eighty dollars. The defendant's answer denied the indictedness, and after a hearing in the county court, judgment was rendered in his favor. Plaintiff

appealed to the district court when judgment was again rendered in favor of defendant.

On the trial, it appears that the plaintiff offered in evidence, a written contract or lease to which defendant objected, and the objection was sustained by the court, for the reason that it was not attached to the original claim or account filed in the county court. This ruling is alleged to be error.

Appellant relies upon section 1359 of the Code, which provides that, "claims against the estate, must be clearly stated, sworn to and filed. Ten days notice of the hearing, indorsed on a copy of the claim, must be served upon one of the executors in the manner required for commencing action in the district court."

Where a claim is thus clearly stated, sworn to and filed, it is in the nature of a petition. A claim clearly stated will show the facts constituting the cause of action, and will in itself show the remedy sought, § 1736 ; and if "founded upon a written instrument or account, a copy thereof must be annexed to such pleading," § 1750. The requirement of this section is not dispensed with by section 1359. This section does not change the rules of pleading or of practice,— it dispenses with nothing. It only imposes an additional restriction as a protection to estates of decedents. The claim clearly stated, or the petition, must be "sworn to," and a copy thereof must be served upon one of the executors ten days before the time stated in the notice for the hearing, in the manner required for commencing actions in the district court.

If the claim against the estate is founded upon a written instrument, it cannot be clearly stated unless it shows the fact, and if so founded, a copy of the instrument "*must be annexed*," and it thereby becomes a part of the petition or claim. A copy of the claim with the time of hearing indorsed thereon, is the notice to be served upon the representative of the estate. It follows that the notice is materi-

Baker *v.* Chittuck.

ally deficient unless it contains a copy of the instrument upon which the action is founded. The defect then, applies not only to the petition or claim, but it applies with equal force to the notice.

It follows then, that the court below ruled correctly in deciding that a copy of the lease should have been annexed to plaintiff's claim, and so far as the bill of exceptions enables us to judge of this case, there is no error apparent. Still we cannot withhold the opinion, that as the court acquired jurisdiction over the defendant by his appearance, and as the subject matter was fairly before the court under the appeal; as the defective notice was cured by appearance and as the defect in the claim was only demurrable, the court should have authorized the plaintiff to amend, subject to such reasonable terms as might have been prescribed. The lease would then have become relevant to the pleadings, and might have been received in evidence. But as this right to amend was not urged in the court below, and as that court appears to have ruled correctly upon the only point presented, and to which exception was taken, we cannot disturb the proceedings.

Judgment affirmed.

*Smith* and *Corbin*, for appellant.

*Cook* and *Dillon*, for appellee.